UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HELEN GORE

       PLAINTIFF,

                                  CASE NO.      05-71966

V.

                                  HONORABLE ARTHUR J. TARNOW
COMMISSIONER OF SOCIAL SECURITY,     UNITED STATES DISTRICT JUDGE

       DEFENDANT.                 MAGISTRATE JUDGE
                      /    WALLACE CAPEL, JR.

## ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES
### [D/E # 37]

      Before the court is Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 and Defendant's response.

      In August 2006, the Magistrate assigned to this case issued a Report and Recommendation on the parties cross motions for summary judgment. The report recommended that this case be remanded to the Administrative Law Judge ["ALJ"] for a proper record assessment of the Plaintiff's exertional and nonexertional limitations, to accord the appropriate weight to the opinion of Plaintiff's treating physicians, and to determine whether Plaintiff retained the Residual Functional Capacity ["RFC"] to perform her past relevant work in accordance with the agency's regulations. The Magistrate further recommended ordering the Secretary to give this case priority upon remand based on the protracted procedural history of the case.

      On September 15, 2006, the Report and Recommendation was adopted as the findings of this court thereby, granting and denying in part Plaintiff's Motion for Summary Judgment, denying Defendant's Motion for Summary Judgment and remanding the case for proceedings consistent with the Magistrate's Report and Recommendation.

      Soon thereafter, this motion was filed pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 seeking an award of $6,825.00 in attorney's fees at the rate of $150.00 per hour

for 45.5 hours of work on this case while in Federal Court.

Eligibility of a fee award in a civil action pursuant to 28 U.S.C. § 2412(d)(1)(A) requires that (1) the claimant was a "prevailing party," (2) the government's position was not "substantially justified," and (3) no special circumstances made an award unjust. *Commissioner, INS v. Jean*, 496 U.S. 154, 158, 110 L. Ed. 2d 134, 110 S. Ct. 2316 (1990).

There is no disagreement that this civil proceeding is covered by the EAJA, that the plaintiff was the prevailing party based on the remand pursuant to the fourth sentence of 42 U.S.C. § 405(g), and that the special circumstances do not apply to this case. What is left to determine is whether the Commissioner was substantially justified in defending her position.

"[T]he proper standard in EAJA cases is whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). "While the parties' postures on individual matters may be more or less justified, the EAJA -- like other fee-shifting statutes -- favors treating a case as an inclusive whole, rather than as atomized line-items." *Comm'r v. Jean*, 496 U.S. 154, 161-162 (U.S. 1990). The burden is placed on the government to show that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

Here the Commissioner restates its positions presented in its Motion for Summary Judgment and its Objections to the Magistrate's Report and Recommendation. In so doing, it has failed meet its burden to show that its position was substantially justified.

The ALJ's determination included numerous errors. The ALJ failed to follow regulation 20 CFT § 404.1523 and Sixth Circuit case law that requires consideration of all of a claimant's impairments "without regard to whether any such impairment if considered separately would be of sufficient severity" for eligibility under the act. *See Hurst v. Schweiker*, 725 F.2d 53, 55-56 (6th Cir. 1984). The ALJ also failed to accord appropriate weight to the claimant's treating physicians.

The Commissioner not only failed to follow its own regulations, but also failed to follow this courts' Order and Judgment of March 31, 2000 adopting the Magistrate's Report and

2

Recommendation of February 29, 2000.  In that adopted Report and Recommendation, the case was remanded in part because the ALJ's prior opinion failed to reject or discuss two specific psychological evaluations.  After the remand, the ALJ again failed to discuss the consultative report.  The government cannot argue that its position was substantially justified in defending the decision after remand when it failed to even address a major concern of this court on a prior remand.

In light of the number of errors combined with the ALJ's failure to address on remand a specific issue raised by this court when it adopted the Magistrate's 2000 Report and Recommendation, this court finds that the government was not substantially justified in defending the Commissioner's position.  The court further finds that the amount of hours performed by counsel as outlined by the Time Itemization attachment and Hourly Rate are reasonable. For these reasons,

**IT IS HEREBY ORDERED THAT** Plaintiff's Motion for Award for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 is **GRANTED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  March 8, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 8, 2007, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager

3